## DISTRICT OF COLUMBIA v. CHAMBERS et al.

### No. 11469.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 14, 1953.

Decided May 28, 1953.

Mr. Chester H. Gray, Principal Asst. Corp. Counsel for the District of Columbia, Washington, D. C., with whom Messrs. Vernon E. West, Corp. Counsel, and Edward A. Beard, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant.

Mr. Harry E. Taylor, Jr., Washington, D. C., with whom Mr. Leonard A. Block, Washington, D. C., was on the brief, for appellees.

Before CLARK, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

CLARK, Circuit Judge.

Appellees were convicted on eighteen counts of an information charging violations of Minimum Wage Order No. 7 promulgated under the authority of the Act of September 19, 1918.[1] The Municipal Court of Appeals reversed the convictions on the ground that the wage order was of the "catch-all" variety and therefore invalid. 1952, 89 A.2d 636.

We agree with the Municipal Court of Appeals that these convictions cannot be sustained.

The District of Columbia earnestly urges that it would be well-nigh impossible to classify women white-collar workers according to the occupation of their respective employers and that Wage Order No. 7 was, under the circumstances, the only practical and feasible method for achievement of the purposes of the Act. That argument misses the point. The essential dispute, as we see it, is not over the method of classification or division. Classification may be made either by the "vertical" or by the "horizontal" method, for the statutory language supports both a classification according to the employer's occupation or business [2] and one based upon the occupation or trade of the employees.[3]

The fatal defect in Wage Order No. 7 lies in the fact that it purports to cover not only a number of listed occupations but also a category labeled "miscellaneous," which, as the Board itself recognized in its annual report for 1948, was intended to cover "all those who are not subject to one of the Board's other five industrial orders." That type of cate-

---

1. 40 Stat. 963, 1918, 36 D.C.Code § 411, 1951.

2. E. g., §§ 409, 410.

3. "The term 'occupation' includes a business, industry, trade, or branch thereof, but shall not include domestic service." § 401. Each of these terms may be read to refer to "occupation" in the sense of "employment by which a person earns his livelihood;" certainly, the excluded category, domestic service, must be so read.

gorization evades and subverts the systematic division contemplated by the statute and gives the regulation here in question its catch-all quality.

Congress specified that wage orders be issued on an occupational basis, and "miscellaneous" obviously cannot, by any stretch of the imagination, be termed an occupation.[4] It is neither for the Board nor for the courts to override a policy decision made by the Congress, merely because we may consider some other method more practical, more convenient, or better suited for the attainment of the desired result. The decision of the Municipal Court of Appeals is

Affirmed.

4. Not a single state has found it necessary to establish a "miscellaneous" category in order to extend to its women workers the protection of minimum wage laws.

Compilations of State Minimum-Wage Laws and Orders, United States Department of Labor, Women's Bureau (1950, 1952).